UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-cv-24933-CMA

PATRICIA MELLNITZ,

     *Plaintiff,*

v.

CARNIVAL CORPORATION,
SUN BAHAMAS WATER SPORTS d/b/a
BAHAMAS STORAGE AND SHIPPING
SUPPLIES COMPANY LTD., and
XYZ CORPORATION

     *Defendants.*

_____/

## DEFENDANTS, CARNIVAL CORPORATION AND SUN BAHAMAS WATER SPORTS d/b/a BAHAMAS STORAGE AND SHIPPING SUPPLIES COMPANY LTD., JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, CARNIVAL CORPORATION ("Carnival") and SUN BAHAMAS WATER SPORTS d/b/a BAHAMAS STORAGE AND SHIPPING SUPPLIES COMPANY LTD. ("Sun Bahamas"), by and through their undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff's Complaint and Demand for Jury Trial [DE 1], and in support thereof, state as follows:

### INTRODUCTION

Plaintiff, PATRICIA MELLNITZ, filed this Complaint for Damages for injuries she allegedly sustained during her voyage on board the *Carnival Victory* on December 9, 2017, while participating in the "Ultimate Island Snorkel" shore excursion in Nassau, Bahamas, which was owned and operated by Sun Bahamas. More specifically, the Complaint alleges "…the boat was operated in a high speed manner, over wakes, waves, and other water conditions which caused Plaintiff to be thrown into the air, repeatedly, and crash to the deck of the boat." [DE 1, ¶30]. Due to this, Plaintiff alleges that she suffered severe injuries.

Counts I, II, III, V, VI, VII, and VIII of Plaintiff's Complaint are directed at Carnival. Specifically, Count I seeks to hold Carnival liable for misleading advertising in violation of Florida Statute §817.41, Count II seeks to hold Carnival liable for negligent misrepresentation, Count III seeks to hold Carnival liable for negligence, Count V seeks to hold Carnival liable for apparent agency or agency by estoppel, Count VI seeks to hold Carnival liable for joint venture, Count VII alleges a breach of contract between Carnival and Sun Bahamas to which Plaintiff claims to be a third-party beneficiary, and Count VIII seeks to hold Carnival liable for breach of a fiduciary duty. As a threshold matter, Plaintiff's Complaint contains the same deficiencies as the Complaint submitted by Plaintiff's counsel in *Serra-Cruz v. Carnival*, No. 18-23033 [DE 30] (S.D. Fla. Feb. 12, 2019), which was dismissed in its entirety. *See* Exhibit "A." Notwithstanding that Plaintiff's Complaint should be dismissed for this reason alone, Plaintiff's Complaint fails to state a claim against Carnival upon which relief may be granted under any of these theories, and Carnival respectfully request that the Complaint be dismissed with prejudice.

Sun Bahamas respectfully submits that it is not subject to personal jurisdiction in Florida. Plaintiff's Complaint should be dismissed because Plaintiff, whose alleged incident occurred in the Bahamas, failed to plead the minimum criteria to support personal jurisdiction over Sun Bahamas, which is as foreign entity incorporated and with principal place of business in Nassau, Bahamas.

Even accepting the allegations in Plaintiff's Complaint, this does not come remotely close to being the "exceptional case" the U.S. Supreme Court contemplated where a foreign corporation(s) meets the stringent "at home" test for personal jurisdiction. *See Schulman v. Inst. for Shipboard Educ.*, 2015 WL 4896597, at *2 (11th Cir. Aug. 18, 2015) and *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. Jun. 15, 2015), citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ("[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business."). The inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. 746, 761, citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 180 L. Ed. 2d 796 (U.S. 2011).

As set forth herein, Sun Bahamas has only one "home," the Bahamas. The very limited contacts Plaintiff alleges here (i.e. contracts with Florida-based cruise lines, agreement to indemnify cruise lines, and contractual forum selection clause with cruise line), have been consistently rejected

by this Honorable Court and the Eleventh Circuit as insufficient for purposes of establishing jurisdiction.

## MEMORANDUM OF LAW

### I.      Standard for Motions to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id.* at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

### II.     Federal Maritime Law Governs Plaintiff's Claims

This matter is subject to the general maritime law of the United States. Incidents occurring on the navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). This principle extends to torts occurring at offshore locations or ports-of-call during the course of a cruise. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901 (11th Cir. 2004); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006) (applying federal maritime law in negligence action against cruise line company stemming from accident occurring during an offshore excursion). Here, according to the allegations of the Complaint, Plaintiff was injured while participating in a shore excursion during the course of her cruise on the *Carnival Victory*. [DE 1, ¶ 17, 27-29]. Moreover, Plaintiff agrees that "the causes of action

asserted in this Complaint arise under the General Maritime Law of the United States." [DE 1, ¶6]. Accordingly, federal maritime law applies to the instant action.

### III.   Plaintiff's Complaint is an Impermissible Shotgun Pleading and Should be Dismissed

Plaintiff's Complaint is an impermissible shotgun pleading and should be dismissed in its entirety. The Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386 (11th Cir. 2005) ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support with claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'") As such, the Eleventh Circuit has advised against allowing a case to proceed when plead as a shotgun pleading. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

Plaintiff's Complaint is a classic shotgun pleading as it begins every Count with a pre-amble, re-alleging and incorporating by reference a group of forty-two (42) paragraphs of factual allegations. "A shotgun-style complaint is one that incorporates all of the general factual allegations by reference into each subsequent claim for relief." *Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011) (internal quotations omitted); *see also Kennedy v. Bell South Telecomms.*, Inc., 546 Fed. Appx. 817, 819-20 (11th Cir. 2013); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1313, 1322-23 n.6 (11th Cir. 1998).  Further, Plaintiff's Complaint commingles singular claims against multiple defendants. For instance, Counts I is brought against "Defendants;" however, all the alleged representations were made by Carnival. Accordingly, it is unclear how Carnival or Sun Bahamas are involved in such claims.

A nearly identical pleading, filed by Plaintiff's counsel, was recently dismissed in its entirety by Judge Ungaro.  *See* Exhibit "A". Accordingly, Carnival respectfully submits that the Complaint should be dismissed in its entirety for committing the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

### IV.   Plaintiff's Claims for Misleading Advertising in Violation of Fla. Stat. §817.41 (Count I) and Negligent Misrepresentation (Count II) Should be Dismissed

Plaintiff's claims for misleading advertising and negligent misrepresentation fail for two reasons. First, Plaintiff's claims require application of a heightened pleading standard under Rule 9 of the Federal Rules of Civil Procedure, which Plaintiff has failed to meet. Second, Plaintiff fails to allege sufficient facts to establish the necessary elements of both claims. Thus, as described more clearly below, Counts I and II of Plaintiff's Complaint should be dismissed with prejudice.

### a. Plaintiff failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

As a preliminary matter, Counts I and II of Plaintiff's Complaint should be dismissed as they fail to comply with the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). As Plaintiff is bringing a claim under Fla. Stat. §817.41, as well as a claim for negligent misrepresentation, she is required to comport with Rule 9's requirements. *See Martino v. City Furniture, Inc.*, 2006 WL 8431417, *5 (S.D. Fla. Jan. 23, 2006) ("In order to prove a violation under Section 817.41, Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement.") (citing *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992)); *see also Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (applying the heightened pleading standard of Rule 9 to a negligent misrepresentation claim).

Fed. R. Civ. P. 9(b) states, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity requirement of Fed. R. Civ. P. 9(b) is only satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statement and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *see also Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, *3 (S.D. Fla. June 5, 2012); *Ceithaml*, 207 F. Supp. 3d at 1355 (("[T]o pass Rule 9(b) muster, the Complaint must set forth particular allegations about the 'who, what, when, where, and how' of the fraud.").

Here, Plaintiff merely proffers general allegations that misrepresentations of material fact were made by Carnival somewhere in its "promotional material, brochures and/or website." [DE 1, ¶43, 49]. However, she does not allege with particularity *where* or *when* these representations were made. Instead, she simply states that the promotional materials were sent to her by Carnival, that they were available aboard the ship, and that the subject excursion was discussed during a live presentation on the ship. [DE 1, ¶ 18, 20 - 21]. Moreover, Plaintiff fails to specify when she read, heard, or relied on these representations. Accordingly, Plaintiff's allegations are not precise enough to satisfy Fed. R. Civ.

P. 9. *See Gayou*, 2012 WL 2049431, *7 ("Gayou does not particularly identify the timing of **any** of the alleged misrepresentations. Merely saying that Celebrity's alleged false statements were made [d]uring the cruise, [p]rior to arriving at each destination, or when Gayou visited the excursion desk does not satisfy Rule 9(b).") (emphasis original). In *Serra-Cruz*, Judge Ungaro noted that the plaintiff's reference to "Carnival's promotional material, brochures, and/or website," was insufficient in that it "does not identify 'precisely what statements were made in what documents' and it does not identify the time and place these statements were made." *See* Exhibit "A," at 7-9 (*citing Ziemba*, 256 F.3d at 1202). As the allegations in *Serra-Cruz* are virtually identical to the claims presented in the instant matter, Counts I and II should be dismissed.

Plaintiff's Complaint also generally alleges that she "justifiably relied on the representations made by Carnival when [she] purchased tickets for the subject excursion" [DE 1, ¶47, 52]; however, Plaintiff does not indicate *how* or *why* her reliance was justified or the manner in which the representations misled her. Without particularized allegations, Counts I and II fail as a matter of law. *See Ceithaml*, 207 F. Supp. 3d at 1353 ("Without particularized allegations about the timing, source, and precise content of the statements on which Ceithaml relied in purchasing her zip-line ticket, Count 2 does not satisfy Rule 9(b)."); *Holguin*, 2010 WL 1837808, *2 (dismissed claim because "[p]laintiffs have not identified which statements were made in what documents, the time and place of each statements, and the defendant responsible for each statement.").

### b. Plaintiff fails to satisfy the necessary elements of Counts I and II[1].

Even if Plaintiff was found to have complied with the heightened pleading standard of Fed. R. Civ. P. 9(b), which Carnival strongly contests, Plaintiff failed to plead sufficient facts to support her claims for misleading advertising under Fla. Stat. §817.41 (Count I) and negligent misrepresentation (Count II). With respect to Count I, Fla. Stat. §817.41 makes it unlawful for any person to make or disseminate (or to cause to be made or disseminated) any misleading advertisement to the general public of the state of Florida, placing such acts within the category of fraudulent practices. *See Martino v. City Furniture, Inc.*, 2006 WL 8431417, *5 (S.D. Fla. Jan. 23, 2006). As a preliminary matter, Plaintiff's claim fails as a matter of law as she does not claim that the allegedly

---

[1] Fla. Stat. §817.41(6) states that "[a]ny person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees . . .." However, state statutes providing for the entitlement to attorney's fees cannot be applied in maritime cases as they are inconsistent with general maritime law. *See Garan v. M/V Aivik*, 907 F. Supp. 397 (S.D. Fla. 1995); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1323 (M.D. Fla. 2002); *Tampa Port Auth. v. M/V Duchess*, 65 F. Supp. 2d 1279, 1297 (M.D. Fla. 1997); *Derossi v. Nat'l Mgmt.*, 328 F. Supp. 2d 283, 288-289 (D. Conn. 2004). Accordingly, notwithstanding that Plaintiff failed to sufficiently plead Count I, Fla. Stat. §817.41(6)'s attorney's fees provision is preempted by maritime law and must be dismissed.

misleading advertisement was read or disseminated within the state of Florida as required by Fla. Stat. §817.41(1). Notwithstanding, both Count I and II require Plaintiff to allege the following elements: (1) misrepresentation of a material fact; (2) that the representator made the misrepresentation without knowledge as to its truth or falsity under circumstances in which he ought to have known of its falsity; (3) that the representator intended that the misrepresentation induce another to act on it; and (4) that the injury resulted to the party acting in justifiable reliance on the misrepresentation. *See Holguin v. Celebrity Cruises, Inc.*, 2010 WL 1837808, *1 (S.D. Fla. May 4, 2010) (citing *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1355 (S.D. Fla. 2009)); *see also Third Party Verification, Inc v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007) (discussing the requirements for a consumer to state a claim for statutory misleading advertising under Florida law).

In the instant matter, Plaintiff's Complaint only sets forth an abundance of general, conclusory allegations that are insufficient to state a cause of action. *See Twombly*, 127 S.Ct. at 1955 (holding that a mere "formulaic recitation of the elements of a cause of action" will not suffice to survive a motion to dismiss). Indeed, the Complaint fails to allege any facts supporting her contention that the representations made by Carnival were in any way false or how her reliance on such representations was justified in any way. For instance, Plaintiff's conclusory allegation that Carnival represented that "shore excursion providers are insured, when such insurance may not provide coverage outside of the providers' area of operation and/or may contain limitations . . ." contains no facts specific to this case to support a contention that the alleged representation is false. [DE 17, ¶43(f), 49(f)]. Plaintiff's failure to assert even the bare minimum of factual information to support this and the other conclusory allegations in Counts I and II require dismissal of both claims. In *Serra-Cruz*, the Court indicated that such vague, conclusory allegations are insufficient to state a cause of action. *See* Exhibit "A," at 11 ("Plaintiff's allegation that she 'justifiably relied' on all these misrepresentations is entirely conclusory."); *see also McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 832 (11th Cir. 2013) (A "'[t]hreadbare' recitation of negligent misrepresentation's 'reliance' element," fails to establish that element of the claim.).

Accordingly, as Plaintiff failed to plead sufficient facts to support her allegations in Counts I and II, Carnival respectfully requests that both Counts be dismissed with prejudice.

## V.      Plaintiff's Negligence Claim Against Carnival (Count III) Should be Dismissed

Plaintiff's negligence claim is defective for two reasons. First, it fails to allege specific facts showing that the cruise line knew or should have known of any dangerous condition to give rise to a duty to warn. Second, to the extent Count III of Plaintiff's Compliant purports to bring a claim for

negligent selection and retention, it should be dismissed for failure to plead a *prima facie* case. Accordingly, as explained more fully below, Plaintiff's negligence claim should be dismissed with prejudice.

### a. Plaintiff failed to adequately allege that Carnival knew or should have known of a dangerous condition such as to invoke the duty to warn.

With respect to the duty to warn, Count III alleges that Carnival failed to warn of the danger(s) present in the subject shore excursion, but it fails to allege any underlying facts which would support any breach of the duty to warn. In order to adequately plead negligence under a failure to warn theory, the Plaintiff must plead sufficient facts to infer that Carnival knew or should have known of a specific dangerous or unsafe condition associated with the subject excursion. *Thompson*, 174 F. Supp. 3d at 1341 ("To premise a negligence claim on a breach of the duty to warn, [Plaintiff] must set forth factual allegations 'showing that the cruise line knew or should have known of any dangerous condition relating to the . . . excursion that would give rise to a duty to warn.'") (quoting *Gayou*, 2012 U.S. Dist. LEXIS 77536, *12); *Rojas*, 93 F. Supp. 3d at 1309; *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345 (S.D. Fla. 2016) ("In this District, courts regularly dismiss negligence claims pursuant to *Keefe*'s requirement that a defendant cruise line have had actual or constructive notice of the danger claimed by plaintiff.").

In *Gayou*, the court held that Gayou had pled "no underlying facts suggesting the requisite actual or constructive knowledge on Celebrity's part, [without which] Gayou fails to adequately invoke Celebrity's duty to warn." *Gayou*, 2012 U.S. Dist. LEXIS 77536, *13-14 (citing *Koens*, 774 F. Supp. 2d at 1220). Similarly, in *Koens*, the court dismissed the plaintiff's negligence claim because he failed to assert allegations establishing that the cruise line knew or should have known of dangerous conditions on the specific tour during which he was injured. *Koens*, 774 F. Supp. 2d at 1219. Instead, Koens merely alleged the cruise line had actual knowledge about the "rising crime rate in Nassau," and, as support, alleged that a group of the same cruise line's passengers were similarly assaulted at gunpoint one month prior to his own assault, during an excursion that the cruise line sponsored. *Id.* at 1220. The court found that such allegations were insufficient to trigger a duty. *Id.*

The analysis in *Gayou* and *Koens* is applicable to the instant case because Plaintiff has likewise failed to allege any facts from which it may be inferred that Carnival either knew or should have known of any dangerous or unsafe condition associated with the subject excursion. In fact, Plaintiff broadly alleges that Carnival knew or reasonably should have known of Sun Bahamas' incompetence or unfitness through "Carnival's initial approval process of [Sun Bahamas] . . . yearly inspections of [Sun

Bahamas] . . . and/or prior incidents involving Carnival passengers injured on the high speed boat excursions, [Sun Bahamas'] excursions, and/or other incidents reported within the cruise industry." [DE 1, ¶57].

Notwithstanding that Carnival has no duty to inspect, monitor, or train shore excursion operators, *see Wolf*, 683 Fed. Appx. at 795 n.3, such broad, conclusory allegations with no factual allegations are simply insufficient to trigger a duty under *Carlisle*. An operator is not per se incompetent nor does Carnival have notice of any incompetence simply because a passenger was allegedly injured due to the reckless operation of a speed boat during the subject excursion. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("The purpose behind the . . . notice requirement is that the shipowner should not be made the insurers of passenger safety."). Moreover, Plaintiff's reference to prior incidents is insufficient to plead notice as it includes no facts related to the specific alleged dangers presented by the specific shore excursion. Rather, the Complaint references all prior incidents involving any speed boat excursion irrespective of its operator, all excursions operated by Sun Bahamas, and all other incidents reported within the cruise industry in general. [DE 1, ¶32, 57]. These general, overbroad, and conclusory allegations are not tailored to the specific dangers alleged and are thus insufficient to plead notice. *See Joseph*, 2011 U.S. Dist. LEXIS 80238, *10-11 (granting motion to dismiss when plaintiff failed to allege any facts that Carnival knew or had reason to know of incidents associated with the latent dangers of the specific excursion).

The case of *Polanco v. Carnival Corp.* is also persuasive in this regard. In *Polanco*, the plaintiff alleged that Carnival knew or should have known of the negligent operation of a motor vehicle on a shore excursion for a sufficient period of time and failed to investigate similar incidents in the past, thus giving rise to a duty to warn. In dismissing the plaintiff's amended complaint, the court stated: "The problem for plaintiffs is that these meager allegations are wholly conclusory. There are no details about how long Carnival knew or should have known about such negligent operation. There are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues." *Polanco*, 2010 U.S. Dist. LEXIS 150857, *7 (S.D. Fla. Aug. 10, 2010). Accordingly, the *Polanco* court found plaintiff's notice allegations wholly conclusory and insufficient to withstand a motion to dismiss.

As in *Polanco*, here, Plaintiff fails to allege sufficient facts to demonstrate that Carnival was aware or should have been aware of any dangerous condition presented by the subject excursion or of the operations of the speed boat on said excursion. *See, e.g., Joseph*, 2011 U.S. Dist. LEXIS 80238,

*11 (holding that the plaintiff failed to allege sufficient facts when he failed to allege that defendant knew or had any reason to know of any incidents associated with the latent dangers of the shore excursion). Because Plaintiff has failed to plead actual or constructive notice, she has failed to plead that Carnival owed her a duty of care, and hence, has failed to adequately plead a negligence claim premised on Carnival's alleged failure to warn. *Ceithaml*, 207 F. Supp. 3d 1345, 1351 ("Without actual or constructive notice, Celebrity contends, there can be no duty of care under federal maritime law and hence no negligence claim based on a failure to warn theory. The Court agrees."). As such, Plaintiff's negligence claim must be dismissed.

### b.  Plaintiff fails to plead a *prima facie* case for negligent selection and retention.

To the extent Count III of Plaintiff's Complaint purports to bring a claim for negligent hiring and retention, it should be dismissed for failure to plead a *prima facie* case. A plaintiff bringing a claim for negligent selection or retention of an independent contractor must allege that the excursion company was incompetent or unfit to perform the work, that the carrier knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries. *Gayou*, 2012 U.S. Dist. LEXIS 77536, *14 (citing *Smolnikar*, 787 F. Supp. 2d at 1318). Here, Plaintiff makes no such allegations. Rather, she alleges generally that Carnival failed to "provide a safe excursion," "to adequately inspect and/or monitor" the excursion operator, "to ensure that properly trained and supervised persons operated the subject excursion," and "[h]aving a shore excursion that was not competently operated." [DE 1, ¶55 (c)-(d), (u)-(v)]. Plaintiff further alleges generally that Carnival knew or reasonably should have known of Sun Bahamas' incompetence or unfitness through "Carnival's initial approval process . . . yearly inspections . . . and/or prior incidents involving Carnival passengers injured on the Excursion Entities' excursion and/or other incidents reported within the cruise industry." [DE 1, ¶57].

Facing similar allegations, this Court in *Gayou* held that, to the extent plaintiff intended to go forward on a negligent hiring and retention claim, the claim failed because the alleged failings were unsupported by any relevant facts. *Gayou*, 2012 U.S. Dist. LEXIS 77536, *14 (finding that the absence of facts supporting a claim for negligent hiring or retention of an independent contractor warranted a dismissal) (citing *Koens*, 774 F. Supp. 2d at 1220 and *Iqbal*, 129 S. Ct. at 1949); *see also Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 43487, *11 (S.D. Fla. 2013) (relying on *Gayou* to dismiss negligent hiring or retention claim). In the instant matter, Plaintiff has failed to allege sufficient facts as to how Sun Bahamas was incompetent or unfit to operate the subject shore excursion or how Carnival knew or should have known of Sun Bahamas' alleged incompetence or unfitness or of the

"unreasonably hazardous" conditions presented by the operation of the speed boat utilized by Sun Bahamas during the subject excursion.

The Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949. A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see also Oxford Asset Mgmt., Ltd., v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id.* Plaintiff's Complaint fails to provide any factual support for its allegation of negligent selection and retention and, therefore, has failed to state a claim upon which relief can be granted. Accordingly, Carnival respectfully submits that for these same reasons, the Court should dismiss Count III of Plaintiff's Complaint.

**VI.  Plaintiff's Claim for Apparent Agency or Agency by Estoppel (Count V) Should be Dismissed as it is Not an Independent Cause of Action and Cannot be Properly Pled in this Case as a Matter of Law**

Count V of Plaintiff's Complaint, which seeks to hold Carnival liable for the acts of Sun Bahamas under a theory of apparent agency or agency by estoppel, should be dismissed because it is not an independent cause of action and, even if it were, it would not survive dismissal as both Plaintiff's shore excursion ticket and passenger ticket preclude the pleading of an element of the claim as a matter of law. Plaintiff does not even attempt to plead that Sun Bahamas was, in fact, an agent of Carnival. Rather, Plaintiff hinges Count V entirely on whether Carnival "made manifestations that caused Plaintiff to believe that [Sun Bahamas] had authority to act for the benefit of Carnival." [DE 1, ¶67].

As an initial matter, "[t]here is no cause of action for agency" as these counts "are not really causes of action, but rather theories of liability." *Gayou*, 2012 U.S. Dist. LEXIS 77536, *24 n. 4 (citations omitted). However, to the extent this Court construes Count V as a negligence cause of action grounded on an agency theory of liability, the lack of factual allegations with regard to negligence warrants the dismissal of this claim. *See Zapata*, 2013 U.S. Dist. LEXIS 43487, *14 ("I already have determined that the insufficiency of plaintiff's factual allegations warranted the dismissal without prejudice of plaintiff's negligence claim. Accordingly, plaintiff's apparent agency claim must be dismissed without prejudice as well."); *see also* Exhibit "A", at 16-18. Moreover, Plaintiff cannot

state a claim for apparent agency as a matter of law because she cannot plead that she reasonably believed that Carnival and Sun Bahamas were agents. An apparent agency is established when:

> 1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable, and 3) that the claimant reasonably acted on such belief to his detriment.

*Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).[2] A plaintiff is "unable to satisfy the second apparent agency prong, which requires that plaintiff's belief of alleged agency be reasonable [as] plaintiff's belief is unreasonable as a matter of law." *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1328 (S.D. Fla. 2017); *see also Ceithaml v. Celebrity Cruises Inc.*, No. 17-12956 at 10 (11th Cir. June 25, 2018) ("Ceithaml's belief that Wrave was Celebrity's agent was unreasonable in light of the multiple disclaimers she received . . .."); *Wolf*, Fed. Appx. at 798 ("Mr. Wolf's purported belief that OCT was an agent of Celebrity, however, is not reasonable in light of the two separate disclaimers he received—the Cruise Ticket Contract and the Shore Excursion Ticket—which expressly stated that excursion operators were independent contractors and not agents or representatives of Celebrity, as well as the OCT Liability Waiver, which reiterated that the zip-line excursion was owned and operated by OCT.").

As in *Wolf*, here, Plaintiff received a ticket for the subject shore excursion which identified the operator of the excursion and advised that the excursion was operated by an independent contractor and that Carnival neither supervises nor controls the actions of the independent contractor. Furthermore, Plaintiff also asserts that Carnival's website did not "effectively disclos[e] to the Plaintiff that the subject excursion was being run by another entity…" [DE 1, ¶67(c)]. Nevertheless, the website specifically referenced by Plaintiff states as follows:

**SHORE EXCURSION FAQS**
…
**Does Carnival own the tour companies in the ports and is it responsible for what happens on the shore excursions?**

No. All of the **shore excursions**, including any related transportation, **are operated by local independent companies and they are solely responsible for their products, excursions and any related transportation**. We try to choose the most reputable companies available to provide your excursions. Carnival is not responsible

---

[2] Plaintiff also alleges a claim for agency by estoppel. The elements for a cause of action under a theory of agency by estoppel are essentially the same as those for a claim of apparent agency: (1) a representation by the principal; (2) reliance on the representation by the claimant; and (3) a change in position by the claimant in reliance on the representation. *See United Bonding Ins. Co. v. Banco Suizo-Panameno, S.A.*, 422 F.2d 1142 (Fla. 5th DCA 1970); *see also Thomkin Corp. v. Miller*, 24 So. 2d 48 (Fla. 1945).

CASE NO.: 18-cv-24933-ALTONAGA/GOODMAN

for any losses, damage, death, injuries or claims whatsoever arising from, connected with, or related to any activities engaged in by guests while off of Carnival's ships or tenders in any port of call.  This includes all shore excursions, whether sold onboard or by third parties ashore. You will engage in all such activities off of the ship at your own risk.

Carnival neither supervises nor controls tour operators actions, nor makes any representation either expressed or implied as to their suitability. Carnival sells tickets for all excursions as a convenience to guests only. Tour operators, transportation providers, and their employees are neither agents nor employees of Carnival, not withstanding their use of any signage or clothing which may contain the name "Carnival" or other related trade names or logos.

…

**\*** The shore excursions sold by Carnival are owned and operated by independent contractors over whom Carnival exercises no control.

"Shore Excursion FAQs" webpage on Carnival's website:

https://help.carnival.com/app/answers/detail/a_id/2866 (emphasis added).[3]

Accordingly, Plaintiff has failed to establish that her alleged belief that Carnival was the operator of the excursion was reasonable, and Carnival respectfully submits that the Court should follow the Eleventh Circuit's reasoning in *Wolf* and dismiss Count V of Plaintiff's Complaint.

## VII.   Plaintiff's Claim for Breach of a Third-Party Beneficiary Contract against Carnival (Count VII) Should be Dismissed

Plaintiff's third-party beneficiary claim should be dismissed because the contract referenced by Plaintiff does not clearly express an intent to primarily and directly benefit the Plaintiff. The elements of a claim for breach of a third-party beneficiary contract are as follows:

(1) the existence of a contract in which plaintiff is not a party, (2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit the plaintiff, (3) breach of that contract by one of the parties and (4) damages to plaintiff resulting from the breach.

*See Lapidus v. NCL Am. LLC*, 2012 U.S. Dist. LEXIS 82720, \*19 (S.D. Fla. June 14, 2012); *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1243-44 (S.D. Fla. 2010) (citing *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. Dist. Ct. App. 1994)).

---

[3] *See* "Shore Excursion FAQs" webpage on Carnival's website, attached hereto as Exhibit "B" at 2-3. As the Eleventh Circuit has explained, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Gayou*, 2012 U.S. Dist. LEXIS 77536 \*28.

A person who is not a party to a contract may not sue for breach of that contract unless the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party to which that party claims to belong. *See Florida Municipal Power Agency v. Florida Power & Light, Co.*, 81 F. Supp. 1313, 1324 (M.D. Fla. 1999); *See also Aetna Casualty & Surety Co. v. Jelac Corp.*, 505 So. 2d 37 (Fla. 4th DCA 1987). Here, Plaintiff cannot (in good faith) cite to the Shore Excursion Agreement and allege that the parties entered into the contract to benefit her, as the allegations in Plaintiff's Complaint are patently insufficient. Specifically, Plaintiff fails to allege any provision of the contract that Carnival breached. [DE 1, ¶89]. As a preliminary matter, there is no provision in the contract that prohibits "dangerous activities from forming any part of shore excursions," as alleged by Plaintiff. [DE 1, ¶89(b)]. Furthermore, not only are none of the obligations alleged intended for the benefit of third parties, but the only alleged obligations that plausibly have anything to do with the safety of the passengers arguably impose duties solely on the operator, not Carnival (e.g. excursion entities required to exercise reasonable care). Accordingly, Plaintiff's allegations are patently incorrect as Carnival cannot be held "liable for an alleged breach by the other contracting party." *See Steffan*, 2017 U.S. Dist. LEXIS 78242, *17 (S.D. Fla. May 22, 2017) (citing *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1244 (S.D. Fla. 2010) ("To permit Plaintiff to hold Carnival 'liable for [an alleged] breach by the other contracting part[y] . . . would turn contract law on its head.'").

Furthermore, while Plaintiff has alleged that the contract imparts on Carnival the discretion to refund tickets or charge whatever price it wants, these are rights, not obligations to passengers. Nevertheless, Plaintiff has not alleged that Carnival breached its right to charge or give refunds to passengers, nor would such hypothetical "breaches" give rise to a claim for personal injuries as there is no causal connection. Accordingly, courts in this district have routinely held that such allegations are insufficient to state a cause of action for third-party beneficiary. In fact, this very Court dismissed a complaint containing very similar allegations as the instant matter, stating:

> Plaintiff alleges that Carnival and the excursion companies entered into a contract that primarily and directly benefits the third-party Plaintiffs by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care in the operation of the subject shore excursion . . . the[se] allegations fail to satisfy the pleading requirements because they do not 'clearly and specifically express Defendants' intent to primarily and directly benefit Plaintiffs.'

*Finkelstein*, 2015 WL 12765434, *4 (S.D. Fla. Jan. 20, 2015) (citing *Ash v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 164691, *28 (S.D. Fla. 2014)); *see also Steffan v. Carnival Corp.*, 2017 U.S. Dist. LEXIS 78242, *15 (11th Cir. 2017) (holding that the same alleged provisions "[a]t best . . . confer[red]

an incidental or consequential benefit on Plaintiff.") Accordingly, as Plaintiff's allegations have been "soundly rejected" and repeatedly found inadequate by this Court, Count VII of Plaintiff's Complaint should be dismissed.

### VIII.   Plaintiff's Claim for Breach of Fiduciary Duty (Count VIII) Should be Dismissed

A plaintiff bringing a fiduciary duty cause of action must prove: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Combe v. Flocar Inv. Group Corp.*, 977 F.Supp.2d 1301, 1307 (S.D. Fla. 2013) (citing *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002)). Stated differently, "[t]he elements for a breach of fiduciary duty are, 'as required by Florida law, namely, a repose of trust and confidence and an express acceptance of that repose of trust and confidence by defendant, [which] existed in the relationship of the parties in this case.'" *In re Caribbean K Line, Ltd.*, 288 B.R. 908 (S.D. Fla. 2002) (citing *Argonaut Development Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001). Accordingly, to establish a fiduciary relationship "a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Orlinsky v. Patraka*, 971 So.2d 796, 800 (Fla. 4th DCA 2007). Fiduciary duties can be formed in two ways, express or implied. *See Real Estate Value Co., Inc. v. Carnival Corp.*, 92 So.3d 255, 262 (Fla. 3d DCA 2012) ("Where . . . . there is not an express fiduciary duty, one may be implied in law based on the 'specific factual situation surrounding the transaction and the relationship of the parties.") (citing *Crusselle v. Mong*, 59 So.3d 1178, 1180 (Fla 5th DCA 2011)).

Here, Plaintiff's Complaint does not adequately plead the existence of a fiduciary duty as she has not alleged how such a relationship was formed. Notwithstanding that Plaintiff's claim should fail for this reason alone, maritime law is clear that shipowners are not the all-purpose insurers of their passengers' safety. *See Meyer v. Carnival Corp.*, 2013 WL 12061857, *2 (S.D. Fla. Sep. 3, 2013) ("[A] cruise ship is 'not the insurer of the safety of its passengers,' when they undertake excursions operated by independent third parties. And 'merely because an accident occurs, a carrier does not become liable to a passenger."') (citing *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, 41 n.1 (S.D. Fla. 1986)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Moore v. American Scantic Line, Inc.*, 121 F.2d 767 (2d Cir. 1941). In Serra-Cruz, the Court agreed with Carnival that maritime law does not impose a fiduciary duty upon ship-owners and, therefore, plaintiff's claim failed as a matter of law. *See* Exhibit "A", at 24-25. The Court there accordingly dismissed plaintiff's claim for breach of a fiduciary duty with prejudice. *Id.* at 25. Likewise, Count VIII of Plaintiff's Complaint should be dismissed with prejudice. *Thompson*, 174 F. Supp. 3d at 1340.

### IX.   This Honorable Court Lacks Personal Jurisdiction over Sun Bahamas

#### a.  Legal standard for conferring jurisdiction over a nonresident Defendant

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche*, 789 F.3d at 1203, citing *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir.2009).  The Eleventh Circuit has made clear that "Florida's longarm statute is to be strictly construed" and that "the plaintiff bears the burden of proving personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir.1996). Because the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court. *Id.* "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler* 134 S. Ct. at 753.

However, even before the Court engages in the first step of the above noted analysis, it should first determine whether the Complaint contains sufficient material facts to support the exercise of jurisdiction. As the Eleventh Circuit recently reiterated, "a plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

"When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* "If defendants sufficiently challenge plaintiff's assertions, then plaintiff must affirmatively support his or her jurisdictional allegations, and may not merely rely upon the factual allegations set forth in the complaint." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1137 (S.D. Fla. 2009). *See also Yepez v. Regent Seven Seas Cruises*, 10-23920-CIV, 2011 WL 3439943, *1 (S.D. Fla. 2011) (King, J) ("[t]he party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. Fed.R.Civ.P. 8(a)").

#### b.  Plaintiff fails to satisfy her initial burden of establishing a *prima facie* basis for long-arm jurisdiction over Sun Bahamas in the Complaint.

Plaintiff's Complaint, which acknowledges that Sun Bahamas is a foreign corporation operating in the Bahamas [D.E. 1 at ¶3], does not state a factual basis to support the application of

long arm jurisdiction over Sun Bahamas. The jurisdictional inquiry practically ends here. As the
Eleventh Circuit recently recognized:

> A corporation's place of incorporation and its principal place of business are paradigm
> all-purpose forums. And a corporation's operations in a forum other than its formal
> place of incorporation or principal place of business will be so substantial and of such
> a nature as to render the corporation at home in that State only in exceptional cases.

*Carmouche*, 789 F.3d at 1204, *citing Daimler,* 134 S.Ct. at 761 (internal quotes omitted).

Having established that Defendants' place of incorporation and principal place of business are
in the Bahamas, and not in Florida, the Court need not examine much more. The Complaint comes
nowhere close to showing this is an "exceptional case" as contemplated by the Supreme Court.
Plaintiff cannot meritoriously rebut that the Complaint fails to establish a basis for jurisdiction.

Furthermore, Plaintiff's Complaint is vague in that it lumps two separate Defendants, Sun
Bahamas, and XYZ Corporation, describing them jointly as "The Excursion Entities." *Id* at ¶ 8.

Indeed, Plaintiff limits her jurisdictional allegations to a few boilerplate, conclusory allegations
that she attributes to "The Excursion Entities" as a whole, without differentiation. Even assuming
*arguendo* the allegations were specifically directed at Sun Bahamas, they would nonetheless fail to
establish a *prima facie* case of jurisdiction against it.

Contacts such as those alleged in Plaintiff's Complaint have been consistently rejected as
insufficient by this Honorable Court and the Eleventh Circuit, particularly in cases involving foreign
tour operators doing business with cruise lines. The most recent of these decisions is *Carmouche v.
Tamborlee,* where the Eleventh Circuit rejected the following contacts as insufficient:  (1) contractual
relationship with numerous Florida-based cruise lines; (2) a Florida bank account administered in
Miami; (3) two Florida addresses; (4) purchase of insurance from Florida companies; (5) filing a
financing statement with the Florida Secretary of State; (6) membership in the Florida Caribbean
Cruise Association; (7) consenting to the jurisdiction of the Southern District of Florida for all lawsuits
arising out of its agreements with Carnival Corporation. *See Carmouche,* 789 F.3d at 1204.

The *Carmouche* court concluded "[t]hese connections are not so substantial as to make this one
those exceptional cases in which a foreign corporation is at home in a forum other than its place of
incorporation or principal place of business. *Id* (internal quotes omitted), *citing Daimler*, 134 S.Ct. at
761 n. 19.

Here, Sun Bahamas' contacts with Florida are even less. For example, Sun Bahamas does not have Florida bank accounts, Florida addresses, or financing statements with the Florida Secretary of State.

The court in *Carmouche* went further and noted the Supreme Court has identified only one "exceptional" case were general jurisdiction over foreign corporation did not offend due process. *Id.* The case, *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), considered the jurisdictional challenge of a Filipino mining company that ceased its mining operations during World War II, before its president moved to Ohio, where he kept an office and oversaw the work of the company. *Id.* In distinguishing *Perkins*, the *Carmouche* court noted that the foreign corporation's principal, albeit temporary, place of business was Ohio and given the wartime circumstances, Ohio could be considered a surrogate for the place of incorporation or head office. *Id.* Plaintiff has not and cannot allege that this case is analogous to *Perkins*, the solitary example the Eleventh Circuit identified were a foreign Corporation was properly before a court under general jurisdiction.

In the pre-*Carmouche*, post *Daimler* decision in *Aronson v. Celebrity Cruises*, this Court similarly rejected stronger connections.  In *Aronson*, the tour operator's contacts included: yearly travel to Florida to attend industry and business meetings; receipt of wire transfers from Florida; submission of bids to Miami based cruise ship operators; purchase of equipment in Florida; purchase of insurance through Miami-based insurance brokers; membership in the Florida Caribbean Cruise Association; advertising in cruise ship operator's websites which were hosted in Florida; and  99% of revenue received from cruise lines, the majority of which were based in Florida, etc. *Aronson,* 2014 WL 3408582 *Id* at *4.

In another pre-*Carmouche*, post *Daimler* decision, *Brent Wolf v. The Original Canopy Tour, et.al.,* the Honorable Judge Cooke reached a similar conclusion:

> You know, I'm always looking for the nuance and I thought maybe there was the nuance in this case and I don't see it. There's nothing here to make me look at the long-settled law that I followed, that I've written recently and that this jurisdiction has followed concerning the excursions and their relationship with the cruise line to have jurisdiction and to afford the long-arm statute to be extended in this case. It's no different than what I found in Zapata, H[aughey] and the whole host of other cases, and I don't think offering the plaintiff jurisdictional discovery would at all change the issue of whether [tour operator] was "at home" in Florida for purposes of extending jurisdiction.

*See* transcript of August 27, 2014 hearing on tour operator's motion to dismiss for lack of personal jurisdiction in *Brent Wolf v. The Original Canopy Tour, et.al.* Case No. 13-23697- Cooke/Torres (S.D. Fla. Aug.28, 2014) (Cooke, J), pages 22-23, attached as Exhibit "B[4]."

Even pre-*Daimler*, this Honorable Court routinely dismissed foreign tour operators with similar and stronger contacts than Sun Bahamas'. In *Zapata v. Royal Caribbean Cruises, Ltd.*, for example, the Honorable Judge Cooke granted the tour operator's motion to dismiss for lack of personal jurisdiction, finding as follows:

> However, even construing the allegations in the Amended Complaint in the light most favorable to Plaintiff and assuming that the benefit of jurisdictional discovery would allow Plaintiff to introduce evidence that [cruise line] advertised and sold tickets for the [Tour Operator's] excursion on its website and aboard the [cruise], processed the purchases in Florida, collected the money from its passengers, retained a profit as part of joint venture or agency relationship, paid [Tour Operator], and contracted with [Tour Operator], to purchase insurance covering persons, property or risks in Florida, those contacts would still not be sufficient to bring [Tour Operator], within the reach of the long-arm statute.

*Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028 (S.D. Fla. Mar. 15, 2013) (Cooke, J), citing *Island Sea–Faris, Ltd. v. Haughey,* 13 So.3d 1076, 1076 (Fla. 3rd DCA 2008); *see also Fraser v. Smith,* 594 F.3d 842, 846 (11th Cir.2010) *cited by Carmouche,* 789 F.3d at 1205 (no jurisdiction over tour operator even though it maintained a website accessible from Florida, advertised in several publications circulated in the United States, including the Miami Herald, procured liability insurance through a Florida insurance agent, purchased about half of its boats in Florida, and sent employees and representatives to Florida for training and to promote its services).

Concerning Plaintiffs only references to Florida's long arm statute, §48.193(1)(a)(9), §48.193(2), and the allegation that the Excursion Entities are believed to have entered into an agreement with Carnival to indemnify and ensure Carnival, [DE 1 at ¶10], *see Lapidus v. NCL Am. LLC,* 2013 WL 646185 (S.D. Fla. Feb. 14, 2013) (Seitz, J)("Here, Plaintiff's contention that the Excursion Entities agreed to indemnify [cruise line] for his claims is insufficient because Plaintiffs negligence claims do not arise from an indemnity agreement. Plaintiffs' claims arise from [cruise line's] allegedly negligent actions onboard the ship and in Hawaii. Put another way, Plaintiffs negligence claims could be asserted regardless of whether an indemnity agreement exists between NCL and the Excursion Entities").

---

[4] References in the hearing transcript to "*Carmouche*" were to the lower court's decision, *Carmouche v. Carnival Corp.*, 2014 WL 3894361 (S.D. Fla. Aug. 7, 2014) (Dimitrouleas, J), which was decided shortly before the hearing before Judge Cooke.

Given that the allegations in Plaintiff's Complaint do not support a finding of jurisdiction over Sun Bahamas, pursuant to the binding authority of the Supreme Court and Eleventh Circuit, the burden does not shift to the Defendants.  Assuming, arguendo that Plaintiffs' Complaint did include sufficient jurisdictional allegations, the Declaration of Luciana Ingraham unequivocally demonstrates that Sun Bahamas does not possess the requisite contacts with the State of Florida to make it "at home" in this jurisdiction and satisfy the Due Process Clause of the U.S. Constitution.

### c. The Court lacks jurisdiction over defendants under Federal Rules of Civil Procedure 4(k)(2), the national long-arm statute, as Sun Bahamas' contacts with the United States do not subject it to general or specific jurisdiction.

In apparent recognition that Florida, or any other state for that matter, does not have jurisdiction over the Defendants, Plaintiff has also pled jurisdiction pursuant to Rule 4, Federal Rules of Civil Procedure. [DE 1, ¶14]  Rule 4(k)(2), the national long-arm statute "permits a federal court to exercise personal jurisdiction over a defendant, providing that two essential conditions are met: (1) plaintiff's claims must "arise under federal law;" and (2) the exercise of jurisdiction must be consistent with the Constitution and laws of the United States." *Fraser*, 594 F.3d at 849.

However, courts rarely invoke jurisdiction under Rule 4(k)(2), as observed by the Ninth Circuit: "in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule." *Holland Am. Line Inc. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).  The court in *Holland* further explained:

> The few cases in which our sister circuits have concluded that Rule 4(k)(2) conferred jurisdiction have involved defendants with much more extensive contacts to this country. *See, e.g., Mwani v. bin Laden,* 417 F.3d 1, 13 (D.C. Cir. 2005) (holding that jurisdiction could be exercised where defendants had engaged in numerous conspiracies to bomb the World Trade Center, the United Nations, and the Lincoln and Holland Tunnels); *Adams v. Mediterranea Di Sicurta,* 364 F.3d 646, 651 (5th Cir. 2004) (upholding personal jurisdiction under Rule 4(k)(2) where the defendant insurer had directly insured hundreds of claims in the United States).

*Id.*  It is in this light, that the Court should view Plaintiff's request for jurisdiction under Rule 4(k)(2).

Following *Daimler,* jurisdiction under Rule 4(k)(2) has become even harder to establish. As a district court in Pennsylvania recently recognized:

> . . . under the "at home" standard reiterated in *Daimler AG,* it is unlikely that a court could ever find general jurisdiction under Rule 4(k)(2). Indeed, a finding that a corporate defendant "is fairly regarded as at home" within the United States would seemingly preclude a finding that the same corporate "defendant is not subject to

jurisdiction in any state's courts of general jurisdiction," as is required under Rule 4(k)(2)(A).

*Best Odds Corp.,* 2014 WL 2527145, at *5 (finding no national jurisdiction despite defendant's media kit in which it self-described its "significant U.S presence").

      For the reasons stated above, Sun Bahamas respectfully submits it is entitled to dismissal of the action against Plaintiff with prejudice.

      WHEREFORE, Carnival and Sun Bahamas respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint with Prejudice, and for all other relief this Court deems just and proper.

Dated:        March 20, 2019
             Miami, Florida

                                   Respectfully submitted,

                                   **FOREMAN FRIEDMAN, PA**

                    BY:      /s/ *Noah D. Silverman*
                              Jeffrey E. Foreman, Esq.
                              Florida Bar No. 0240310
                              jforeman@fflegal.com
                              Noah D. Silverman, Esq.
                              Florida Bar No. 401277
                              nsilverman@fflegal.com
                              Spencer B. Price, Esq.
                              Florida Bar No. 1001044
                              sprice@fflegal.com
                              One Biscayne Tower, Suite 2300
                              2 South Biscayne Boulevard
                              Miami, FL  33131
                              Phone: 305-358-6555
                              Fax: 305-374-9077
                              *Attorneys for Carnival*

                                   **PERRY & NEBLETT, P.A.**

                    BY:      */s/ James H. Perry, II*
                              JAMES H. PERRY, II
                              Florida Bar No.: 991491
                              perry@maritimeattorneys.com
                              PATRICK J. RYAN
                              Florida Bar No.: 1011099
                              patrick@maritimeattorneys.com
                              1650 SE 17th Street, Suite 200

CASE NO.: 18-cv-24933-ALTONAGA/GOODMAN

Fort Lauderdale, Florida 33316
Telephone:   954.500.1000
Facsimile:   954.500.2000
*Attorneys for Sun Bahamas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of March 2019, the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notes of Electronic Filing.

/s/   *Noah D. Silverman*

Noah D. Silverman, Esq.

22

CASE NO.: 18-cv-24933-ALTONAGA/GOODMAN

## SERVICE LIST

Jason R. Margulies, Esq.
jmargulies@lipcon.com
Jacqueline Garcell, Esq.
jgarcell@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Phone: 305-373-3016
Fax: 305-373-6204
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
mfonticiella@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
pcampo@fflegal.com
Spencer B. Price, Esq.
sprice@fflegal.com
oricardo@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*


JAMES H. PERRY, II
Florida Bar No.: 991491
perry@maritimeattorneys.com
PATRICK J. RYAN
Florida Bar No.: 1011099
patrick@maritimeattorneys.com
**PERRY & NEBLETT, P.A.**
1650 SE 17th Street, Suite 200
Fort Lauderdale, Florida 33316
Telephone:   954.500.1000
Facsimile:    954.500.2000