UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-cv-24933-CMA

PATRICIA MELLNITZ,

    *Plaintiff*,

v.

CARNIVAL CORPORATION,
SUN BAHAMAS WATER SPORTS d/b/a
BAHAMAS STORAGE AND SHIPPING
SUPPLIES COMPANY LTD., and
XYZ CORPORATION

    *Defendants*.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S, REPLY IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

    Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby replies to Plaintiff's Response in Opposition to Defendants, Carnival Corporation and Sun Bahamas d/b/a Bahamas Storage and Shipping Supplies Company Ltd.'s Joint Motion to Dismiss Plaintiff's Complaint [DE 36].[1] In support thereof, Carnival states as follows:

**I.   Plaintiff's Complaint is a Shotgun Pleading and Should be Dismissed in its Entirety**

    Plaintiff's Complaint "incorporates all of the general factual allegations by reference into each subsequent claim for relief," therefore it is an impermissible shotgun pleading, and should be dismissed. *Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011). In her Response, Plaintiff claims she does not incorporate the allegations of other counts into each cause of action, however that is precisely what she does. The Complaint begins with forty-two (42) allegations, which she then "realleges, adopts, and incorporates by reference" into each of the

---

[1] Sun Bahamas has indicated that it will not be replying to Plaintiff's Response in Opposition to Defendants' Joint Motion to Dismiss. Accordingly, this Reply is not a Joint Reply and only addresses the portions of Plaintiff's Response directed at the claims against Carnival.

eight (8) counts in her Complaint. [DE 1, ¶1-42, throughout]. This makes her Complaint a classic shot-gun pleading. *Id.* Plaintiff further argues in her Response that her preliminary 42 paragraphs are organized by headings and sub-headings, therefore removing any potential confusion. However, simply categorizing her allegations does not save the Complaint from being a shot-gun pleading because she still realleges all facts in each count, resulting in facts irrelevant to specific counts being alleged within those counts by incorporation. For instance, the allegations Plaintiff claims under the heading "Facts Concerning the Relationship/Arrangement Between Carnival and The Excursion Entities" have nothing to do with her Negligence claims. Additionally, the allegations under the heading "Promotional Material and Statements Concerning Shore Excursions Generally and the Subject Excursion Specifically," only apply to Plaintiff's Misleading Advertising and Negligent Misrepresentation claims. This commingling of allegations makes Plaintiff's Complaint an impermissible shotgun pleading. *See Buckner v. Whitley*, No. 3:18-CV-610-WKW, 2019 WL 1117914, at *1 (M.D. Ala. Mar. 11, 2019) ("Plaintiff's complaint is a shotgun complaint. Each [count] adopts and re-alleges every preceding allegation, filling each count with allegations that are not relevant to that particular count). Therefore, Carnival respectfully requests Plaintiff's Complaint be dismissed in its entirety.

    II.    **Plaintiff's Claims for Misleading Advertising in Violation of Fla. Stat. §817.41 (Count I) and Negligent Misrepresentation (Count II) Should be Dismissed**

        a.    **Plaintiff failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).**

The particularity requirement of Fed. R. Civ. P. 9(b) is only satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statement and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).; *see also Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, *3 (S.D. Fla. June 5, 2012); *Ceithaml*, 207 F. Supp. 3d at 1355 (("[T]o pass Rule 9(b) muster, the Complaint must set forth particular allegations about the 'who, what, when, where, and how' of the fraud.") (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

Here, despite Plaintiff's contention that she provided "all such particularities," Plaintiff's Complaint actually fails to allege any particularities. Moreover, she fails to plead where each representation was made on Carnival's website or what promotional materials and brochures

contained any of the specific representations. For instance, Plaintiff contends that Carnival's "promotional material brochures and/or website contained misrepresentations of material facts," and then lists seven (7) alleged misrepresentations but fails to specify which representation was made where. [DE 1, ¶43(a)-(g), 49(a)-(g)]. Similarly, Plaintiff contends that Carnival represented that excursion providers were subject to personal jurisdiction in the U.S., but it is unclear from her Complaint where such representations were made or when Plaintiff specifically read and relied on these alleged representations. [DE 1, ¶43(g), 49(g)]. Accordingly, these and Plaintiff's other conclusory allegations are not precise enough to comply with Fed. R. Civ. P. 9(b). *See, e.g., Hesterly v. Royal Caribbean Cruises, Ltd.*, 2008 WL 11406184, *8 (S.D. Fla. Aug. 6, 2008). As such, Counts II and III fail as a matter of law and must be dismissed.

### b. Plaintiff fails to satisfy the necessary elements of Counts I and II.

Notwithstanding Plaintiff's failure to comply with Fed. R. Civ. P. 9(b), she also failed to plead sufficient facts to support either of her claims in Count I or II. Indeed, Plaintiff's Response only re-asserts a formulaic recitation of the elements required to plead both Counts. Plaintiff fails to allege any facts supporting her contention that the representations made by Carnival were any way false, or that she justifiably relied on them. For instance, Plaintiff's allegation that Carnival misrepresented the activity level and/or activities involved in the subject excursion, [DE ¶43(a), 49(a)], is entirely subjective and based on Plaintiff's own belief. Ultimately, Plaintiff's conclusory allegations that she suffered injury due to representations made by Carnival is not supported in her Complaint by any factual allegations. *See Hoard v. Carnival Corp.*, 2015 WL 1954055, *3 (S.D. Fla. Apr. 17, 2015); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012). Accordingly, as Plaintiff failed to plead sufficient facts to support her allegations in Counts I and II, Carnival respectfully requests that both Counts be dismissed.

### III. Plaintiff's Negligence Claim against Carnival (Count III) Should be Dismissed

### a. Plaintiff failed to adequately allege that Carnival knew or should have known of a dangerous condition such as to invoke the duty to warn

In order to adequately plead negligence under a failure to warn theory, the Plaintiff must plead sufficient facts to infer that Carnival knew or should have known of a specific dangerous or unsafe condition associated with the subject excursion. *Thompson*, 174 F. Supp. 3d at 1341 ("To premise a negligence claim on a breach of the duty to warn, [Plaintiff] must set forth factual allegations 'showing that the cruise line knew or should have known of any dangerous condition relating to the . . . excursion that would give rise to a duty to warn.'") (quoting *Gayou*, 2012 U.S. Dist. LEXIS 77536,

3

*12); *Rojas*, 93 F. Supp. 3d at 1309; *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345 (S.D. Fla. 2016) ("In this District, courts regularly dismiss negligence claims pursuant to *Keefe*'s requirement that a defendant cruise line have had actual or constructive notice of the danger claimed by plaintiff.").

In her Response, Plaintiff states that she has set forth sufficient notice allegations to allow her to move forward with discovery. However, Plaintiff has failed to allege any facts at all from which it may be inferred that Carnival either knew or should have known of any dangerous or unsafe condition associated with the subject excursion. In fact, Plaintiff broadly alleges that Carnival knew or reasonably should have known of Sun Bahamas' incompetence or unfitness through "Carnival's initial approval process of [Sun Bahamas] . . . yearly inspections of [Sun Bahamas] . . . and/or prior incidents involving Carnival passengers injured on the high speed boat excursions, [Sun Bahamas'] excursions, and/or other incidents reported within the cruise industry." [DE 1, ¶57]. Such broad, conclusory allegations with no factual allegations are simply insufficient to trigger a duty by Carnival. An operator is not per se incompetent nor does Carnival have notice of any incompetence simply because a passenger was allegedly injured due to the reckless operation of a speed boat during the subject excursion. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("The purpose behind the . . . notice requirement is that the shipowner should not be made the insurers of passenger safety.").

Plaintiff's Response [DE 36] indicates that Plaintiff intends to uncover the basis for her notice allegation in discovery. However, in *Iqbal, supra,* the United States Supreme Court has explicitly held that Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. This is exactly what has occurred in the instant matter. Plaintiff alleged a form conclusion with the hope that discovery may possibly yield factual support at some later date. This impermissibly violates Rule 8, and, therefore, dismissal of Plaintiff's negligence claim is warranted.

As Plaintiff has failed to plead any facts supporting notice, she has failed to plead that Carnival owed her a duty of care, and hence, has failed to adequately plead a negligence claim premised on Carnival's alleged failure to warn. *Ceithaml*, 207 F. Supp. 3d 1345, 1351 ("Without actual or constructive notice, Celebrity contends, there can be no duty of care under federal maritime law and hence no negligence claim based on a failure to warn theory. The Court agrees."). Therefore, Carnival respectfully requests this Court grant its motion and dismiss Plaintiff's negligence claim.

    **b. Plaintiff fails to plead a *prima facie* case for negligent selection and retention**

Plaintiff's Response fails to state any *facts* that support her claim that Carnival was negligent in selecting and/or retaining Sun Bahamas. First, Plaintiff fails to show that Sun Bahamas was incompetent or unfit to operate the subject excursion. *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.

Supp. 2d 1308, 1318 (S.D. Fla. 2011). Rather, the majority of the ways in which Plaintiff alleges that Sun Bahamas was incompetent and/or unfit are nothing more than general conclusions of how conduct imposing liability could have occurred, [DE 1, ¶55(c)-(j)], which courts have held to be insufficient. *See, e.g., Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *3 (S.D. Fla. Feb. 22, 2011) (holding complaint did not state a plausible claim for negligence where it simply listed various duties prefixed with the words "failing to" and provided no factual allegations). Indeed, Plaintiff's allegations fail to provide any *facts* as to how her alleged injury relates to Sun Bahamas' incompetence.

Notwithstanding that Plaintiff fails to plead any fact that Sun Bahamas was incompetent and/or unfit, Plaintiff fails to plead any *fact* that Carnival knew or should have known of any incompetence of Sun Bahamas. Again, Plaintiff's allegations are general conclusions about Carnival's approval process and inspections, but do not contain any factual allegations. Such general and vague allegations fail to meet the pleading requirements of *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2000); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Carnival respectfully submits that for these same reasons, the Court should dismiss Count III of Plaintiff's Complaint.

**IV. Plaintiff's Claim for Apparent Agency and/or Agency by Estoppel (Count V) Should be Dismissed**

To begin with, Plaintiff's argument that the shore excursion ticket and Carnival's website cannot be considered should fail. The Eleventh Circuit has held that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff referenced both and both were incorporated into Count V. [DE 1, ¶19, 21, 22, 27, 67(c)]. Furthermore, both documents are central to Plaintiff's claims as she specifically alleges that "Carnival made manifestations which caused Plaintiff to believe that the Excursion Entities had authority to act for the benefit of Carnival." [DE 1, ¶67]. Plaintiff is alleging that none of the documents she was in possession of informed her that the subject excursion was operated by an independent contractor, which is factually inaccurate, as evidenced by the information contained in the excursion ticket and Carnival's website.

The dismissal of Plaintiff's claim at this stage is proper as the purpose of a motion to dismiss is to streamline the issues for trial. *See Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010); *see also Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (noting that the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding."). Despite Plaintiff's

contention otherwise, the law in this district is clear that Plaintiff's subject belief that Carnival and Sun Bahamas were agents is not reasonable as a matter of law due to the several disclosures Plaintiff received. *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1328 (S.D. Fla. 2017); *see also Ceithaml v. Celebrity Cruises Inc.*, 2018 U.S. App. LEXIS 17151 (11th Cir. June 25, 2018); *Wolf*, Fed. Appx. at 798. Notwithstanding that *Wolf* and *Ceithaml* were decided at the motion for summary judgment stage, if Plaintiff is permitted to proceed with allegations not supported by law, the result would be to confuse the issues for discovery, leading to unnecessary expense and needless delay in the case's ultimate resolution. Accordingly, Carnival respectfully submits that Count V should be dismissed.

## V. Plaintiff's Third-Party Beneficiary Claim (Count VII) Should be Dismissed

Plaintiff's third-party beneficiary claim should be dismissed because she fails to allege any facts to support her claim. Specifically, Plaintiff fails to allege any fact that establishes that she was an intended beneficiary of any agreement between Carnival and Sun Bahamas. Plaintiff argues that Carnival "requiring that the Excursion Entities exercise reasonable care for the passengers' safety," "requiring that the Excursion Entities satisfy and continue to satisfy the highest standards of quality in the industry," and "requiring that the Excursion Entity maintain insurance," are all ways in which Carnival and Sun Bahamas agreement benefitted her. However, the very case Plaintiff cites throughout her Response held the exact opposite. "[E]ven if the allegation in the Complaint were true, i.e., [that the] Agreement required the Excursion Entities to maintain insurance and/or exercise reasonable care in operating the Segway Tour, **those requirements would, as a matter of law, be insufficient to evidence the contract directly and primarily benefits Plaintiff**. As such, the claim is dismissed." *Heller v. Carnival Corp.*, 191 F.Supp. 3d 1352, 1365 (S.D. Fla. 2016) (emphasis added); *see also Rinker v. Carnival Corp.,* 753 F. Supp. 2d 1237, 1243-44 (S.D. Fla. 2010).

Plaintiff also argues that she alleged that Carnival breached the contract by failing to regularly or adequately identify the highest safety standards in the industry and verifying that the Excursion Entities were adhering to such standards. The plaintiff in *Steffan v. Carnival*, represented by the same counsel as Plaintiff in this case, made a similar argument before this Honorable Court. However, as in the *Steffan* matter, the "obligations" that Plaintiff asserts were breached were not obligations contained in the contract which are owed by Carnival. Nowhere in the contract is there a provision requiring Carnival to identify the highest safety standards or ensure the operator's compliance with such standards or any obligation in the contract. This Honorable Court rejected Plaintiff's argument in the *Steffan* matter for this reason and Carnival respectfully submits that the Court should also reject the same argument here and dismiss the third party beneficiary claim against Carnival with prejudice.

**VI.  Plaintiff's Claim for Breach of Fiduciary Duty (Count VIII) Should be Dismissed**

It is well settled that shipowners are not the all-purpose insurers of their passengers' safety. *See Meyer v. Carnival Corp.*, 2013 WL 12061857, *2 (S.D. Fla. Sep. 3, 2013) ("[A] cruise ship is not the insurer of the safety of its passengers, when they undertake excursions operated by independent third parties. And merely because an accident occurs, a carrier does not become liable to a passenger.") (internal citations omitted); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). The expanded duty alleged by Plaintiff in its claim for Breach of Fiduciary Duty is neither logical, nor is it supported by the law, and "permitting Plaintiff to proceed on her claims . . . would impermissibly expand [Carnival's duties] to its passengers and render it an insurer of its passengers' safety.' There is not a single maritime case holding that a cruise line operator owes such a duty to its passengers. The *Serra-Cruz* Court already dismissed a claim for Breach of Fiduciary duty with prejudice because such a duty does not exist. Therefore, Plaintiff's reliance on case law regarding airlines should not be considered by this Court. Notwithstanding that Plaintiff's claim should fail for this reason alone, Plaintiff has not adequately pled the existence of a fiduciary duty as she has not alleged any facts surrounding the formation of a fiduciary relationship.  Therefore, Count VIII should be dismissed with prejudice.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint in its entirety, and for any and all further relief this Court deems just and proper under the circumstances.

Dated:      April 10, 2019
            Miami, Florida

                              Respectfully submitted,

                              **FOREMAN FRIEDMAN, PA**

                              BY:    /s/ *Noah D. Silverman*
                                     Jeffrey E. Foreman, Esq.
                                     Florida Bar No. 0240310
                                     jforeman@fflegal.com
                                     Noah D. Silverman, Esq.
                                     Florida Bar No. 401277
                                     nsilverman@fflegal.com
                                     Brasilia Echevarria, Esq.
                                     Florida Bar No. 121828
                                     bechevarria@fflegal.com
                                     One Biscayne Tower, Suite 2300
                                     2 South Biscayne Boulevard
                                     Miami, FL  33131

Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Carnival*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of April 2019, the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notes of Electronic Filing.

/s/ *Noah D. Silverman*
Noah D. Silverman, Esq.

## SERVICE LIST

Jason R. Margulies, Esq.
jmargulies@lipcon.com
Jacqueline Garcell, Esq.
jgarcell@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Phone: 305-373-3016
Fax: 305-373-6204
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
mfonticiella@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
pcampo@fflegal.com
Brasilia Echevarria, Esq.
bechevarria@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Carnival*

JAMES H. PERRY, II
Florida Bar No.: 991491
perry@maritimeattorneys.com
PATRICK J. RYAN
Florida Bar No.: 1011099
patrick@maritimeattorneys.com
**PERRY & NEBLETT, P.A.**
1650 SE 17th Street, Suite 200
Fort Lauderdale, Florida 33316
Telephone:   954.500.1000
Facsimile:   954.500.2000
*Attorneys for Sun Bahamas*